Case 4:23-cv-03734   Document 23   Filed on 05/30/24 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
May 31, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OSCAR NORMAN GARCIA, | § | |
| TDCJ # 01647430, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:23-3734 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Oscar Norman Garcia, an inmate in the custody of the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ), filed a petition for a writ of habeas corpus (Dkt. 3) under 28 U.S.C. § 2254. Respondent has filed a motion to dismiss (Dkt. 16) and a copy of the state court records (Dkt. 17; Dkt. 18; Dkt. 19). Garcia filed a response (Dkt. 21) and two motions for appointed counsel (Dkt. 15; Dkt. 22). After reviewing the pleadings, the applicable law, and all matters of record, the Court will **DISMISS** this action as time-barred for the reasons explained below. Garcia's motions for appointment of counsel will be **denied**.

### I.   BACKGROUND

On May 27, 2010, a jury in the 209th District Court of Harris County found Garcia guilty in four cases: Case No. 1257869 (aggravated sexual assault of a child under 14), Case No. 1197985 (aggravated sexual assault of a child under 14), Case No. 1257870

(indecency with a child), and Case No. 1257871 (indecency with a child).  On May 28, 2010, the jury sentenced him to prison terms of 15 years, 10 years, five years, and five years, with sentences to run consecutively.  *See* Dkt. 17-19, at 126-27 (judgment and 10-year sentence in in Case No. 1197985); Dkt. 17-20, at 37-38 (judgment and 15-year sentence in Case No. 1257869); Dkt. 18-1, at 22-23 (judgment and five-year sentence in Case No. 1257870); Dkt. 18-2, at 21-22 (judgment and five-year sentence in Case No. 1257871).

Garcia appealed and challenged the stacked sentences.  On February 10, 2011, the Fourteenth Court of Appeals reformed the cumulation portions of three judgments and affirmed the judgments as reformed.  *Garcia v. State*, 2011 WL 486563 (Tex. App.–Hou [14th Dist.] Feb. 10, 2011, pet. ref'd); Dkt. 17-1.  On May 18, 2011, the Court of Criminal Appeals refused Garcia's petitions for discretionary review.  *See* Dkt. 17-4 (PD-581-11; PD-582-11; PD-583-11; PD-584-11).

In May and June 2020, Garcia filed three applications for state habeas relief.  *See* Dkt. 19-6, at 5-32 (WR-91,521-01); Dkt. 19-10, at 5-30 (WR-91,521-02); Dkt. 19-15, at 5-22 (WR-91,521-03). The Court of Criminal Appeals dismissed his first and third writs as noncompliant with Texas Rule of Appellate Procedure 73.2.  *See* Dkt. 19-1 (application in WR-91,521-01 dismissed on Aug. 12, 2020); Dkt. 19-11 (application in WR-91,521-03 dismissed on Jan. 27, 2021).  The court denied his second writ without written order.  *See* Dkt. 19-7 (application in WR-91,521-02 denied on Aug. 26, 2020).

Garcia executed his federal petition on August 25, 2023, and it was docketed in the Northern District of Texas on September 27, 2023 (Dkt. 3).  On September 29, 2023, the

action was transferred to this Court (Dkt. 5).  Garcia brings four claims for relief: (1) his trial and appellate counsel were constitutionally ineffective because they failed to notify him about the appeal and related processes, a video recording, and several indictments, among other issues; (2) the prosecution presented insufficient evidence to support the charges against him; (3) the prosecution relied on hearsay evidence; and (4) the trial judge prejudiced his case when he denied Garcia's motion for severance (Dkt. 3, at 5-10, 16).

The respondent seeks dismissal of the petition under the statute of limitations.  In Garcia's petition, in response to a question regarding timeliness, he states that his petition is timely because he previously sent a federal petition by certified mail to Wichita Falls on December 13, 2021, but that the court lost the petition (*id*. at 13; *id.* at 28-37).

## II.     THE ONE-YEAR STATUTE OF LIMITATIONS

The petitioner seeks habeas relief under 28 U.S.C. § 2254.  His petition is subject to the one-year limitations period for the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2241 *et seq*. The limitations period runs from the "latest of" four accrual dates:

> (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time period during which a "properly filed application for State post-conviction or other collateral review" is pending is not counted toward the limitation period. *Id*. § 2244(d)(2).

In this case, the court entered judgment against Garcia on May 28, 2010, and the appellate court affirmed the judgment as reformed on February 10, 2011. Garcia filed petitions for discretionary review, which the Court of Criminal Appeals refused on May 18, 2011. Because Garcia did not file a petition for a writ of *certiorari* to the United States Supreme Court, his conviction became final on Tuesday, August 16, 2011, when his 90-day period for filing the petition ended. *See* Sup. Ct. R. 13.1; *Clay v. United States*, 537 U.S. 522, 525 (2003). Therefore, his limitations period expired one year later, on Thursday, August 16, 2012. His federal petition, executed on August 25, 2023, and docketed on September 27, 2023, is over eleven years late and time-barred unless a statutory or equitable exception applies.

Garcia's state habeas application, filed in 2020, did not toll the limitations period under AEDPA because, at the time he filed it, the limitations period already had expired. *See* 28 U.S.C. § 2244(d)(2); *Richards v. Thaler*, 710 F.3d 573, 576 (5th Cir. 2013). Additionally, Garcia does not demonstrate the applicability of any provisions in § 2244(d)(1) that might render his petition timely because he does not identify the removal of a state-created impediment to filing for habeas relief, a constitutional right newly

recognized and made retroactive by the Supreme Court, or a factual predicate for his claims discovered within one year of his petition.

Garcia invokes the doctrine of equitable tolling. A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.'" *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling is available in rare and exceptional circumstances. *Mathis v. Thaler*, 616 F.3d 461, 475 (5th Cir. 2010). Application of the doctrine "'turns on the facts and circumstances of a particular case.'" *Jackson v. Davis*, 933 F.3d 408, 410 (5th Cir. 2019) (quoting *Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir. 1999)). A petitioner seeking application of the doctrine has the burden to provide supporting facts. *See Fisher*, 174 F.3d at 715. "[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing" of a federal habeas petition. *Id.* at 714.

Here, Garcia claims that equitable tolling is warranted because his attorneys did not adequately communicate with him in 2011-12 and did not inform him until 2020 that his appeal and petition for discretionary review had been filed (Dkt. 21, at 1-2). He additionally argues that his due-process rights were violated by *nunc pro tunc* judgments entered in 2010 and 2011; that the prosecution admitted in pre-trial proceedings to "us[ing] *Brady* material"; and that the cumulation portion of his order, which was affirmed as reformed by the appellate court, is improper and void (*id*. at 2-3).

None of these arguments demonstrate due diligence or that an extraordinary circumstance prevented Garcia from timely filing his habeas claims. Even assuming that

Garcia was unaware until 2020 of his appeal and petition for discretionary review, he waited over three years, until August 2023, to file his federal petition.  Garcia makes no argument that he was diligent during this period and fails to show that he pursued his rights diligently, as required.  *See Jackson*, 933 F.3d at 411; *Stroman v. Thaler*, 603 F.3d 299, 303-03 (5th Cir. 2010).  In addition, he has not demonstrated the existence of a claim for which "strict application of the statute of limitations would be inequitable."  *See In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).  Therefore, Garcia's petition will be dismissed as time-barred.

The Court previously denied Garcia's request for appointed counsel.  Garcia has filed two additional requests for the same relief (Dkt. 15; Dkt. 22), which present no specific facts or argument related to the issues in this habeas action.  Because his claims are time-barred, and for the reasons stated in the previous order denying the same relief (Dkt. 14), Garcia's motions for appointed counsel will be denied.

### III.   CERTIFICATE OF APPEALABILITY

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal.  28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment

of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (cleaned up). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484; *see Pierre v. Hooper*, 51 F.4th 135, 137 (5th Cir. 2022) (a certificate of appealability may not issue based solely on a debatable procedural ruling).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

### IV.    <u>CONCLUSION</u>

Based on the foregoing, the Court **ORDERS** as follows:

1. The petition for habeas corpus under 28 U.S.C. § 2254 (Dkt. 3) is **DISMISSED** with prejudice as time-barred.

2. Garcia's motions for appointed counsel (Dkt. 15; Dkt. 22) are **DENIED as moot.** All other pending motions, if any, are **DENIED as moot**.

3. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on     May 30    , 2024.

*George C. Hanks Jr*
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE